UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 09 CR 383 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| VICENTE JESUS ZAMBADA-NIEBLA, | ) | |
| | ) | |

**MOTION FOR PRETRIAL DISCOVERY**

Defendant, Vicente Zambada-Niebla, through his counsel of record, hereby moves this court for an order directing the government to produce for inspection, copying and/or photographing each of the items listed below.

1. Un-redacted copies of all discovery previously provided to the defense;

2. Any and all written, recorded, or oral statement made by Mr. Zambada-Niebla during the course of the investigation in this case, including and not limited to any and all written, recorded, or oral statement made by Mr. Zambada-Niebla from the time of his arrest on or about March 18, 2009 and/or subsequent to his arrest;

3. All written or recorded statements, including but not limited to investigative reports, rough notes, logs, and tape recordings, within the possession, custody, or control of the government and any other federal agency allied with the prosecution or involved in the prosecution of this criminal litigation which would tend to show that Mr. Zambada-Niebla at any time has cooperated with and provided information to government representatives, including and not limited to, the DEA, ICE, and any joint investigative organization, or representatives of the Mexican government, either directly or through another individual regarding drug trafficking in Mexico and/or the United States. This request includes, but is not limited to, information and documentation in the possession of foreign law enforcement officials which were obtained as a result of any joint investigation and agency cooperation between the United States and Mexico, representatives of the Mexican government, or any other closely aligned agency;

4. Any and all written and oral documentation, including and not limited to recorded statements, investigative reports, pictures, surveillance, rough notes, logs, and tape recordings, or any other form of documentation relating to the investigation and/or prosecution of the above-referenced indictment in the possession of the Mexican government that the United States government intends to use or produce at trial;

5. Evidence of any and all transcripts, notes, logs, or any other form of documentation relating to the investigation and arrest of Mr. Zambada-Niebla which would tend to indicate that he was the subject of any joint investigation between representatives of the United States government and the government of Mexico. This request includes and is not limited to any joint investigative organization and any and all representatives of the government of Mexico;

6. The names, addresses, and phone numbers of all agencies, departments, offices, and other entities that are closely aligned to, cooperated with, or worked in connection with the investigation and/or prosecution of the above-referenced indictment with any representative of the United States government;

7. Any and all records, notes, transcripts, memoranda, surveillance, as well as any and all other forms of information and documentation relating to any joint investigation, including and not limited to any and all information relating to the formation, structure, purpose, guidelines, policies, jurisdiction, and their investigations of Mexican drug trafficking organizations. This request includes all regulations relating to the scope of authority, reporting requirements to the Mexican government, the duty to cooperate and provide information to the Mexican government regarding their investigations, and any and all limitations on the task force, DEA, and/or ICE to investigate drug trafficking organizations in Mexico;

8. All arrest reports, investigator's notes, witness interview notes, agent notes, memos from arresting officers, sworn statements and prosecution reports pertaining to Mr. Zambada-Niebla. This request includes and is not limited to any Bruton statements of co-conspirators;

9. Production of any and all informants, including but not limited to their names, whereabouts, addresses, and phone numbers, and statements made relating to this case

10. Disclosure of any and all prosecution witness statements the government intends to offer pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence;

11. Disclosure of any and all Giglio request letters that would tend to indicate a conversation occurred between a government agent and a law enforcement witness relating to the investigation in this case;

12. The names, addresses, and phone numbers of all persons whether indicted or un-indicted which the government believes were co-conspirators with respect to any of the acts alleged in the above-referenced indictment;

13. Any and all telephone calls recorded by any co-defendant, co-conspirator, or any other individual cooperating with the government, including and not limited to any individual acting on behalf of the government, from 1998 through 2008, pertinent to this case;

14. Any and all records of telephone calls by any of the above-referenced individuals, from 1998 through 2008, that were not recorded. This request includes and is not limited to the calls of any such government witness who claims such calls were made as well as the contents of such calls;

15. Any and all written and oral documentation, including and not limited to text messages, emails, surveillance, recorded conversations, and any other form of documentation of conversations by members of the organization known as the "Sinaloa Cartel," whether recorded or unrecorded, including and not limited to the names of any and all individuals that made the calls and the contents of the calls, from 1998 through 2008;

16. Any and all emails, notes, audio, text messages, video, or any and all other form of recordings between government agents and any informant, victim, eyewitness, and other witnesses, relating to the investigation of Mr. Zambada-Niebla;

17. Any and all case status reports and text messages written to agency supervisors and headquarters, including but not limited to any and all reports approved or adopted by testifying agents or any and all agency personnel;

18. Any form of oral or written documentation, including but not limited to emails, text messages, notes, and any and all audio recordings, between a United States Attorney and any potential witness, including, by way of example, agents, victims, eyewitnesses, and experts relating to the investigation in this case;

19. Production of any and all case related emails between agents working on the investigation in this case and potential witnesses outside the prosecution team, including but not limited to text messages exchanged with potential witnesses. This would include, for example, emails

3

        between agents and informants, victims, eyewitnesses, and other witnesses, as well as any and all text messages;

20. Production of any and all emails written by testifying agents to other agency personnel, including and not limited to case status reports and text messages written to agency supervisors and headquarters as well as reports approved or adopted by testifying agents;

21. Any and all copies of the electronic index of agency reports generated during this investigation;

22. Complete information relating to any polygraph or other truth test administered to a potential government witness

23. All tape recordings, transcripts of tape recordings, investigative reports, logs, rough notes, memoranda, or other documents setting forth the results, whether positive or negative, of any scientific test or procedure conducted during the course of the investigation in this case, including but not limited to:

    a) electronic enhancement of tape recordings;

    b) fingerprint examinations and comparisons;

    c) handwriting or typewriting analyses;

    d) chemical tests conducted on suspected controlled substances;

    e) chemical tests conducted on currency or other tangible items; and

    f) polygraph, hypnosis, alcohol and/or drug tests administered to any person claimed by the government to have been present during, or to have material information concerning, any act or transaction relevant to this case;

24. The names, address, and telephone numbers of all technicians, experts, or any other persons who examined any physical evidence obtained during the investigation of this case, whether or not they are to be called to testify against Mr. Zambada-Niebla;

25. All tape recordings, investigative reports, rough notes, logs, memoranda, or other documents containing statements or information which

4

contradicts, or is inconsistent with, the statements of witnesses who have identified Mr. Zambada-Niebla as being present at, having participated in, percipient to, authorized or caused, or having knowledge of any act charged in the indictment or any other act which the government will seek to prove at trial. This request includes and is not limited to the statements of individuals and their names, addresses, and telephone numbers, who have claimed the innocence of Mr. Zambada-Niebla;

26. Portions of any report, surveillance, memoranda, notes, text messages, emails, recorded conversations or any other form of documentation containing the substance of any oral or written statement(s) allegedly made by Mr. Zambada-Niebla, either before or after his arrest, to any government representative(s), including representative(s) of the Mexican government. This request includes any oral or written statements made to any federal, state, or local law enforcement agent in the Northern District of Illinois or elsewhere, including Mexico, regardless of whether the government intends to offer or use such statements at trial;

27. All tape recordings, investigative reports, rough notes, logs, memoranda, or other documents containing statements or information which contradicts, or is inconsistent with, any allegation in the indictment relating to Mr. Zambada-Niebla's conduct, knowledge, or intent;

28. Any and all reports, chart notes, surveillance, documentation, as well as any and all other information relating to and/or describing the characteristics, modus operandi, structure, nature of the organization, means of transportation, training, and membership of the Sinaloa Cartel;

29. Any and all evidence obtained by the government pursuant to grand jury subpoenas issued in the Northern District of Illinois or elsewhere that has any relevance to this case;

30. The grand jury testimony of each and every person the government expects to call as a witness at trial, including and not limited to their names, addresses, and phone numbers;

31. Any and all statements provided to the grand jury by the prosecution, including but not limited to instructions, notes, testimony, transcripts, statements made by witnesses, and any other form of documentation relating to the investigation and/or arrest of Mr. Zambada-Niebla;

32. All customs forms or other documents evidencing transactions in which currency or other reportable financial instruments were brought into or taken out of the United States by Mr. Zambada-Niebla or any co-defendant during the time period covered by the indictment;

5

33. All customs forms or other documents evidencing transactions in which currency or other reportable financial instruments were brought into or taken out of the United States by any unindicted co-conspirator or other government witness during the time period covered by the indictment;

34. Copies of all photographs, video tapes, and/or motion pictures taken during the course of the surveillance activity or any and all searches relating to this case;

35. Copies of any and all affidavits in support of all search warrants relating to the investigation and/or prosecution of this case;

36. All items observed, photographed, inventoried, or taken by the government representatives during the search or investigation of any location or residence the government believes is in some way connected to this case;

37. All documentation, including and not limited to any and all oral or written communications, letters, emails, notes, or other form of documentation related to photo lineups in this case;

38. All documents relating to photographic identification procedures in which:

    a) a photograph of Mr. Zambada-Niebla was shown to another person and identified as Mr. Zambada-Niebla;

    b) a photograph of Mr. Zambada-Niebla was shown to another person and not identified as Mr. Zambada-Niebla; or

    c) a photograph of Mr. Zambada-Niebla was not shown and a photograph of someone else was identified as being Mr. Zambada-Niebla;

39. Copies of all pleadings, affidavits, and other documents filed in the Northern District of Illinois or elsewhere, which relate to:

    a) the search of any individual, residence, location, or vehicle which the government believes is in some way connected to the above-referenced indictment;

    b) the installation and use of a wiretap or any other form of electronic surveillance at any residence or location which the government believes is in some way connected to the above-referenced indictment;

    c) the installation and use of a transponder or other similar tracking

6

       device on any vehicle which the government believes is in some way connected to the above-referenced indictment;

    d) the installation and use of pen registers or mail covers at any residence or location which the government believes is in some way connected to the above-referenced indictment;

    e) the issuance of seizure warrants for assets which the government contends are subject to forfeiture as a result of the activities charged in the above-referenced indictment;

40. All documents relating to the monitoring of tracking devices installed on any vehicles during the course of the investigation in this case and the results obtained from such monitoring;

41. All photographs of persons, locations, vehicles, or other objects relevant to this case;

42. All correspondence, telefaxes, telegrams, handwritten notes, or other documents prepared or signed by Mr. Zambada-Niebla or any co-defendant which are in any way relevant to this case;

43. All correspondence, telefaxes, telegrams, text messages, handwritten notes, or other documents prepared or signed by any unindicted co-conspirator or other government witness which are in any way relevant to this case;

44. All telephone subscription, toll records, text messages, recorded conversations, obtained during the course of the investigation in this case reflecting communications sent or received by Mr. Zambada-Niebla or by any co-defendant, unindicted co-conspirator, or government witness;

45. All bank records or other financial documents obtained during the course of the investigation in this case relating to Mr. Zambada-Niebla or any co-defendant, unindicted co-conspirator, or government witness;

46. All extradition documents of any and all potential government witnesses the government intends to use at trial;

47. Names and qualifications of any and all individuals, including but not limited to government agents, the government intends to call as an expert. This request includes any written summary describing the basis and reasons for the experts opinion;

7

48. Preservation of all physical, tangible, or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government which relates to this case;

49. Any diplomatic cables between the United States and Mexican governments regarding this case and/or of the Sinaloa Cartel, including but not limited to negotiations between the United States and Mexico regarding the extradition of Mr. Zambada-Niebla, any co-defendant, or any government witness;

50. Any and all audio, video, or any other form of evidence including and not limited to rough notes, etc. between any government witness including but not limited to the Flores Brothers and/or any other government representative;

51. Government counsel has acknowledged in a letter to defense counsel dated May 21, 2010 and in court that, in light of the international and multi-jurisdictional aspects of this case, he has made and is making inquiries of various agencies of the United States government regarding materials related to the superseding indictment in this case. Mr. Zambada-Niebla is hereby requesting any and all information relating to those inquiries including, but not limited to the substance of those inquiries, to whom those inquiries were made, and any and all audio video, written, or any other form of documentation received in response to the inquiries made of the various agencies contacted (See Letter from United States Government to Defense Counsel dated May 21, 2010, p.4; Defense Exhibit C);

52. Any and all oral or written documents, notes, recordings, emails, text messages, surveillance, or any other form of documentation in the possession, custody, or control of any federal agency that has participated or is participating in the same investigation of Mr. Zambada-Niebla.

Dated: July 29, 2011

Respectfully submitted,

/s/ Alvin S. Michaelson
ALVIN. S. MICHAELSON
1901 Avenue of the Stars, Suite 615
Los Angeles, California 90067-6098
(310) 278-4984
Michaelsonlaw@justice.com

8

CERTIFICATE OF SERVICE

       The undersigned counsel for defendant Vicente Jesus Zambada-Niebla certifies in accordance with Fed. R. Crim P. 49, Fed. R. Civ. P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), the attached Motion For Pretrial Discovery was, on July 29, 2011, served pursuant to the district court's ECF system as to ECF filers:

Thomas D. Shakeshaft
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604

John R. DeLeon
Law Offices of John R. DeLeon
53 West Jackson Boulevard, Suite 1430
Chicago, Illinois 60604

                                          /s/ Alvin S. Michaelson
                                          ALVIN. S. MICHAELSON
                                          1901 Avenue of the Stars, Suite 615
                                          Los Angeles, California 90067-6098
                                          (310) 278-4984
                                          Michaelsonlaw@justice.com