UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 09 CR 383 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| VICENTE JESUS ZAMBADA-NIEBLA, | ) | |
| | ) | |
| _____ | ) | |

**<u>MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE</u>**

Vicente Zambada-Niebla, through his counsel of record, hereby moves this court for an order directing the government to disclose the following categories of exculpatory evidence and information:

1. Pursuant to the Federal Rules of Evidence Rule 806, production of any and all information in which the credibility of the declarant can be challenged, including and not limited to, all arrests, prior convictions, crimes committed, and all immoral acts committed by the declarant;

2. Production of complete information relating to the negotiation process which culminated in an agreement with Margarito and Pedro Flores, or by any other witness, to cooperate in the investigation or prosecution of the above-referenced indictment. This information includes:

    a) the contents of any and all communications, oral or written, made by government representatives to the cooperating witness or his/her attorney soliciting or inquiring about cooperation in the investigation or prosecution of any and all of the defendants in the above-referenced indictment;

    b) the contents of all communications, oral or written, made by the cooperating witness or his/her attorney in response to any communication identified in paragraph (a);

    c) the contents of all communications, oral or written made by the cooperating witness and/or all persons giving information to law enforcement or their attorneys to government representatives inquiring about a possible cooperation arrangement with respect to

the investigation or prosecution of the above-referenced indictment;

d) the contents of all communications, oral or written, made by government representatives in response to any communication identified in paragraph (c);

e) the contents of all communications oral or written, made by the cooperating witness or his/her attorney, discussing what information the witness could provide with regard to the investigation or prosecution of the above-referenced indictment;

f) the contents of all communications, oral or written, made by government representatives to the cooperating witness or his/her attorney in response to any communication identified in paragraph (e);

g) the contents of all communications, oral or written, between and among government representatives or between government representatives and that cooperating witness or his/her attorney discussing the completeness or truthfulness of any information or proffers of information made by the cooperating witness or his/her attorney relating to the investigation or prosecution of the above-referenced indictment;

h) the contents of all communications, oral or written, between and among government representatives or between government representatives and the cooperating witness or his/her attorney relating to the truthfulness, honesty or credibility of the cooperating witness;

i) the contents of all communications, oral or written, by government representatives to the cooperating witness or his/her attorney describing the information that would be of interest or value to the government with respect to the investigation or prosecution of the above-referenced indictment;

j) the contents of all communications, oral or written, between government representatives and the cooperating witness or his/her attorney relating to benefits to the witness or to other people of concern to the witness in exchange for his/her cooperation in the investigation or prosecution of the above-referenced indictment, including requests or demands for benefits made by or on behalf of the cooperating witness and promises or offers of benefits made by government representatives;

k) the contents of any agreement with the cooperating witness regarding his/her cooperating in the investigation or prosecution of the above-referenced indictment, including all draft or proposed agreements;

l) copies of all reports, correspondence, memoranda, notes, or other documents discussing or relating to any of the above matters;

m) the name, address, and telephone number of each person who was present during any conversation with the cooperating witness or his/her attorney regarding cooperation in the investigation or prosecution of this case;

3. Production of complete information, including and not limited to the name of all contacts, dates and locations of meetings, communications, recordings, emails, text messages, or any other form of documentation, between Margarito and/or Pedro Flores and any government representative(s) from 1997 to date;

4. Production of complete information, including and not limited to the name of all contacts, dates and locations of meetings, communications, recordings, emails, text messages, or any other form of documentation, between Margarito and/or Pedro Flores or anyone acting on their behalf, with government representatives in 2008 or before, relating to their desire to cooperate in the investigation and/or prosecution of the above-referenced indictment or any other investigation and/or prosecution;

5. The names of any and all judicial proceedings where a potential witness has testified. This request includes and is not limited to the title of the case, the case number, and copies of any and all transcripts where the potential witness has testified;

6. The transcripts, statements, and any documents where a potential witness for the government testified;

7. Production of all prior written and/or oral testimony of any government witness in any civil, criminal, or administrative proceeding, that has falsely testified or falsely identified any document or photograph;

8. All records and documents relating to a potential government witness's participation or future participation in the federal witness protection program or any equivalent state program;

9. Disclosure of any matter which might induce a witness to color his testimony in favor of the government because of fear or interest in self-preservation;

3

10. Complete information regarding assets purchased or acquired by the witness or persons acting on behalf of the witness with funds generated from illegal activity, or the witness's current possession or control of such funds or control by anyone acting on behalf of the witness. This request includes and is not limited to all safe deposit boxes, all funds in American or foreign financial institutions, and any real or personal property of the government witness that is in the custody, control, or possession of third parties;

11. Complete information regarding the date, place, amount, and purpose of each monetary payment made to a potential government witness or to anyone acting on behalf of a witness, including and not limited to the witness' family or any other third person(s) acting on behalf of the witness, including copies of any and all documents reflecting such payments;

12. Disclosure of any and all evidence of a witness's wrongdoing which did not result in a felony conviction or bear on elements of dishonesty or untruthfulness under Rule 608(b), including the identities of such individuals. This request includes:

    a) A factual description of the act;

    b) Copies of all reports, correspondence, memoranda, notes, or other documents relating to the act; and

    c) Any statements made by the witness concerning the act;

13. Complete information relating to any law enforcement agent, informant, witness, or other person who has made statements regarding his or her opinion of a potential government witness's character for untruthfulness or dishonesty, or lack thereof in his or her memory or perception, including for each person:

    a) His or her name, current address, and telephone number; and

    b) Copies of all reports, correspondence, memoranda, notes, or other documents containing such statements;

14. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against any and all informants or potential government witness by any government representative(s);

4

15. Disclosure of any and all outstanding indictments, complaints, and/or charges of misconduct against any prosecution witness;

16. Any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or advice not followed;

17. Complete information relating to any actual or potential adverse action by the Immigration and Naturalization Service against a potential government witness or member of the witness's family, including:

    a) Whether deportation or other proceedings have or will be instituted; and

    b) Whether any promise or assurance has been given to the witness regarding potential deportation or other adverse action by immigration authorities;

18. Complete information relating to any dishonest or wrongful act on the part of a potential government witness which law enforcement agencies are aware of but are not prosecuting and have promised not to prosecute in the future. This request includes:

    a) A factual description of the act;

    b) Copies of all reports, correspondence, memoranda, notes, or other documents relating to the act; and

    c) Any statements made by the witness concerning the act;

19. Complete information relating to any personal animosity, bias, or hostility on the part of a potential government witness against Mr. Zambada-Niebla;

20. Complete information relating to a potential government witness's violation of any term or condition of his or her pretrial release on bail. This request includes:
    a) A factual description of the act constituting the violation;

    b) The date and place of violation;

    c) Whether the violation was reported to the court or the pretrial services agency;

    d) Whether any action was taken as a result of the violation;

5

        e)      The nature of the action taken; and

        f)      Copies of all reports, correspondence, memoranda, notes, or other documents pertaining to the violation;

21. All records and documents relating to any violation of the rules and requirements of the federal witness protection program, or any equivalent state program, committed by a potential government witness and any action taken against the witness as a result;

22. Production of any and all statements, including but not limited to, inconsistent statements by a prosecution witness;

23. Production of any and all written and oral statements relating to any false statement or any contradictory written or oral statement by a potential government witness;

24. Production of any and all reputation or opinion evidence relating to the hearsay declarant's character for untruthfulness or dishonesty;

25. Complete information relating to any contradictory written or oral statement made by a potential government witness concerning the subject matter of this case. This request includes, but is not limited to, statements made to any federal or state court, pretrial services, probation or parole officer, prison official, law enforcement agent, or prosecutor;

26. Disclosure of evidence contained in the personnel files of any interviewing law enforcement agent(s) who will be called as prosecution witnesses as well as statements or information in those files that would tend to impeach the credibility of that witness. This includes but is not limited to:
    a) Complaints of misconduct made against the witness;

    b) Disciplinary action taken against the witness;

    c) Complaints of assaults, abuse of discretion and authority and/or false arrest;

    d) Psychiatric, psychological, drug, or alcohol problems suffered by the witness;

    e) Thefts, false statements, or other acts of dishonesty committed by the witness;

    f) Any potential bias the witness may have toward Mr. Zambada-Niebla;

27. Disclosure of any and all information in the government's possession relating to a prosecution witness's medical or psychiatric condition, drug use, or other factors which might affect the witness's competency and credibility;

28. Production of information regarding any and all prior bad acts and instances of prosecution witnesses within the ambit of Rule 609 of the Federal Rules of Evidence, including but not limited to, a complete record of charges, arrests, and convictions for each of its witnesses;

29. Production of information regarding all immoral activities, including and not limited to criminal activities and behaviors, committed by a cooperating witness in which the cooperating witness was a participant or conspirator;

30. Production of any and all names of individuals and locations of all persons that have committed crimes with the government's witnesses;

31. Disclosure of all forms of consideration held out to a witness or which the witness subjectively hopes for or anticipates in the future, since the receipt, promise, or expectation of consideration gives rise to a clear inference of bias or interest. For purposes of this request, "consideration" refers to anything, whether bargained for or not, which arguably could be of benefit or use to the witness or to persons of concern to the witness, including but not limited to:

    a) leniency, immunity, expectations of downward departures, favorable treatment, recommendations, or other assistance with respect to any past, pending, or potential criminal, civil, tax, or administrative matter, including matter involving any license held by the witness;

    b) grants of immunity in any criminal, civil, tax, or administrative matter;

    c) relief from criminal or civil forfeiture;

    d) payments of money or other financial consideration, including rewards, special witness fees and the provision of food, clothing, shelter, transportation, legal services, or other benefits;

    e) placement in a witness protection program;

      f)     stays of deportation or other immigration status consideration, including and not limited to S-Visas, monetary benefits, and relocation assistance; and

      g)     anything else which arguably could reveal an interest, motive, or bias on the part of the witness in favor of the government or against Mr. Zambada-Niebla, or act as an inducement for the witness to testify or to color his or her testimony;

32.     Disclosure of all forms of consideration held out to a witness's spouse, family member, relative, friend, or anyone of interest to the witness which the third party subjectively hopes for or anticipates in the future, since the receipt, promise, or expectation of consideration gives rise to a clear inference of bias or interest. For purposes of this request, "consideration" refers to anything, whether bargained for or not, which arguably could be of benefit or use to the person(s) of interest to the witness, including but not limited to:

      a)     leniency, immunity, expectations of downward departures, favorable treatment, recommendations, or other assistance with respect to any past, pending, or potential criminal, civil, tax, or administrative matter, including matter involving any license held by the third party;

      b)     grants of immunity in any criminal, civil, tax, or administrative matter;

      c)     relief from criminal or civil forfeiture;

      d)     payments of money or other financial consideration, including rewards, special witness fees and the provision of food, clothing, shelter, transportation, legal services, or other benefits;

      e)     placement in a witness protection program;

      f)     stays of deportation or other immigration status consideration, including and not limited to S-Visas, monetary benefits, and relocation assistance; and

      g)     anything else which arguably could reveal an interest, motive, or bias on the part of the witness in favor of the government or against Mr. Zambada-Niebla, or act as an inducement for the third party to testify or to color his or her testimony;

8

33. Production of any "informant files" maintained by the DEA or any other federal, state, or local government agency or law enforcement agency in the United States and Mexico, relating to any informant who has given information regarding the "Sinaloa Cartel" or any other Mexican drug trafficking organization. This request includes and is not limited to a copy of the informant's agreement to cooperate with the government, a debriefing report or an outline of what type of cases he or she might produce, the informant's personal and criminal history, the amount of money paid to him or her for information and expenses, and if a defendant is an informant, what he or she might expect at sentencing in return for his or her substantial assistance;

34. Production of the DEA'a Confidential Source Establishment Report contained in the "informant file" aka Form 512, including and not limited to the name, date, place of birth, social security number and address, as well as any and all information the government knows about crime(s) the informant has committed that would affect his or her credibility at trial;

35. Production of any and all informant files of non-testifying sources relating to the investigation in this case;

36. Production of any and all evidence tending to show the benefits an informant has received as well as any and information tending to show the percentage or amount seizures they generate;

37. Production of any and all names of individuals and all locations of any persons that aided any potential government witness who was or is a fugitive;

38. Disclosure of any and all aliases used by any government witness for the prosecution or any out of court declarants;

39. Any and all statements made by any charged or uncharged co-participants;

40. Any and all statements against penal interest of Mr. Zambada-Niebla or any co-conspirator which may be offered by the government at trial;

41. Production of any and all third party confession(s) and/or statement(s), while in custody, implicating Mr. Zambada-Niebla or exculpating Mr. Zambada-Niebla;

42. The arrest record of each potential government witness, including arrests by federal, state, and foreign law enforcement authorities;

43. The conviction record of each potential government witness, including convictions in federal, state, and foreign courts;

9

44. All documents, including passports, domestic or foreign customs declarations, and airline tickets or reservations which reflect travel by any indicted, unindicted, co-conspirator, or other government witness during the time period covered by the indictment;

45. Investigative reports and other documents relating to crimes committed by each potential government witness, whether or not these crimes resulted in an arrest or conviction;

46. The name of any witness who made an arguably favorable statement concerning Mr. Zambada-Niebla or who could not identify him or who was unsure of his identity, or participation in the crime(s) charged;

47. Any and all efforts made by the Government to find or discover assets of government witnesses that would be subject to forfeiture. This request includes and is not limited to any and all property in safe deposit boxes or any other location in control of the government witness, property in financial institutions-foreign and domestic, and any property in the possession of any third party that would be forfeitable or qualify as substituted property;

48. Any and all information provided by government witnesses regarding forfeitable property;

49. Production of any and all false tax returns, including foreign, federal, state, city, and/or local, filed by any witness for the government;

50. The case number, title of case, and other identifying information for each criminal case currently pending against a potential government witness and/or informant;

51. State whether any co-defendants in the above-referenced indictment have cooperated or are cooperating with the government in this or any other case;

52. The case number and other identifying information for each criminal case which has been dismissed against a potential government witness or party of concern to that witness in return for his or her cooperation in this case or any other investigation or prosecution;

53. Complete information relating to an disciplinary proceedings instituted against a potential government witness by any state or federal prison, parole, or probation authority;

10

54. Complete information relating to any occasion in which a potential government witness has:

   a) Given false testimony under oath;
   b) Signed a false affidavit, declaration, or other document;
   c) Made a false or misleading statement or failed to disclose material information to any law enforcement agent, court, prosecutor, pretrial services, probation, or parole officer or other government official;
   d) Requested, solicited, or induced any other person to do these acts;

55. Complete information relating to any occasion in which a potential government witness has:

   a) Bribed or attempted to bribe any potential witness in a government investigation or court proceeding;
   b) Threatened or intimidated any potential witness in a government investigation or court proceeding;
   c) Obstructed or endeavored to obstruct justice in a government investigation or court proceeding; or
   d) Requested, solicited, or induced any other person to do these acts;

56. Complete information relating to any occasion in which a potential government witness has been incarcerated, including
   a) The date and length of incarceration;
   b) The place of incarceration;
   c) The reason for incarceration;

57. Complete information relating to the use of aliases or fictitious names by a potential government witness, including:
   a) The particular name(s) used;
   b) The purpose for using the name(s);
   c) Copies of any documents signed or possessed by the witness using the name(s).

Dated: July 29, 2011                Respectfully submitted,

                                    /s/ Alvin S. Michaelson
                                    ALVIN. S. MICHAELSON
                                    1901 Avenue of the Stars, Suite 615
                                    Los Angeles, California 90067-6098
                                    (310) 278-4984
                                    Michaelsonlaw@justice.com

11

CERTIFICATE OF SERVICE

       The undersigned counsel for defendant Vicente Jesus Zambada-Niebla certifies in accordance with Fed. R. Crim P. 49, Fed. R. Civ. P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), the attached Motion for Disclosure of Exculpatory Evidence was, on July 29, 2011, served pursuant to the district court's ECF system as to ECF filers:

Thomas D. Shakeshaft
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604

John R. DeLeon
Law Offices of John R. DeLeon
53 West Jackson Boulevard, Suite 1430
Chicago, Illinois 60604

                                              /s/ Alvin S. Michaelson
                                              ALVIN. S. MICHAELSON
                                              1901 Avenue of the Stars, Suite 615
                                              Los Angeles, California 90067-6098
                                              (310) 278-4984
                                              Michaelsonlaw@justice.com