UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JESUS VICENTE ZAMBADA-NIEBLA, )<br>  a/k/a "Vicente Zambada-Niebla," )<br>  a/k/a "Vicente Zambada," )<br>  a/k/a "Mayito," )<br>  a/k/a "30" ) | 09 CR 383-3<br><br>Judge Ruben Castillo |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS BASED ON THE EXTRADITION PROCEEDINGS**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, provides the following response to defendant's motion to dismiss the indictment based on the extradition proceedings.

**INTRODUCTION**

On April 23, 2009, a grand jury returned an indictment against defendant charging him with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (Count One), and conspiracy to import into the United States from Mexico five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 963 (Count Two). R. 1 (Attached as Exhibit A). On or about June 19, 2009, the United States presented the government of Mexico with a request for defendant's extradition pursuant to the Extradition Treaty Between the United States of America and the United Mexican States, U.S.-Mex., May 4, 1978, 31 U.S.T. 5059 ("Extradition Treaty") (Attached as Exhibit B). On or about October 2, 2009, the Government of Mexico approved the

extradition request. On February 18, 2010, defendant was extradited to the United States.[1] On April 5, 2011, a grand jury returned a second superseding indictment against defendant and ten other defendants, charging defendant with the same offenses as those charged in the initial indictment. R. 75 (Attached as Exhibit C). Defendant has filed a motion to dismiss the second superseding indictment on the grounds that the government failed to disclose *Brady* information during the extradition proceedings, and that the second superseding indictment violates the rule of specialty. R. 88. These arguments are meritless, and the Court should deny defendant's motion.

## ARGUMENT

**I.  The Court Should Not Dismiss the Indictment Based on Alleged *Brady* Violations.**

Defendant has alleged that law enforcement agents granted him immunity for the crimes charged in the indictment and authorized him to commit those crimes. Defendant's motion to dismiss claims that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), when, during defendant's extradition proceedings, the United States failed to disclose to the government of Mexico evidence of a promise of immunity and public authority. R. 88 at 6. The government is not aware of such evidence. Even if such evidence existed, defendant's motion fails, because *Brady* does not apply to extradition proceedings, and dismissal of the indictment would not be an appropriate remedy for any *Brady* violation.

**A.  The Government is Not Aware of Evidence Supporting Defendant's Allegations.**

As described in the government's response to defendant's motion to dismiss based on an

---

[1] The Government of Mexico approved defendant's extradition also to stand trial in an unrelated case in the District of Columbia. Defendant has not made any appearance in the District of Columbia in connection with that case, and the pendency of that case has no effect on these proceedings.

2

alleged promise of immunity, R. 109, and motion for discovery relating to the public authority defense, R. 108, the government is aware of no evidence showing that American officials promised defendant immunity or granted him public authority to commit the crimes charged in the second superseding indictment. Therefore, there was nothing for the government to disclose during the extradition proceedings, and no *Brady* violation.

      **B.**      ***Brady* Does Not Apply to Extradition Proceedings.**

Even if *Brady* information had existed, *Brady* did not apply during the extradition proceedings. *Brady* does not require the pre-trial disclosure of exculpatory information; it requires only that the government disclose such information in time for the defendant to receive a fair trial. *Moore v. Casperson*, 345 F.3d at 474, 493 (7th Cir. 2003); *United States v. Grintjes*, 237 F.3d 876, 880 (7th Cir. 2001); *see also Ruiz*, 536 U.S. at 633 (holding that before the plea-bargaining stage, the Constitution does not require the government to disclose information relating to an affirmative defense). "A defendant receives a fair trial as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence." *Moore*, 345 F.3d at 493 (quoting *United States v. Perez*, 870 F.2d 1222, 1228 (7th Cir.1989)). Defendant did not need *Brady* information during his extradition proceedings in Mexico in 2009 in order to make use of that information at his trial in the Northen District of Illinois scheduled for February 2012. Therefore, *Brady* did not require the government to disclose such information during the extradition proceedings in Mexico.

Following these principles, almost every court to address the issue has held that "[a] country requesting extradition is not obligated to disclose exculpatory, or *Brady*, material in an extradition request." *United States v. Pena-Bencosme*, No. 05-M-1518, 2007 WL 3231978, * 6 (E.D.N.Y. Oct. 30, 2007); *accord Sacirbey v. Guccione*, No. 05 Cv. 2949, 2006 WL 2585561, *14 (S.D.N.Y. Sept.7,

2006); *Montemayor v. United States*, 329 F.Supp.2d 883, 888 (S.D.Tex.2004); *In re Extradition of Koskotas*, 127 F.R.D. 13, 27 (D.Mass.1989); *In re Extradition of Singh*, 123 F.R.D. 108, 112 (D.N.J.1987); *cf. Messina v. United States*, 728 F.2d 77, 80 (2d Cir. 1984) (rejecting defendant's request for discovery of inculpatory information in extradition proceeding). Only the Sixth Circuit has held that *Brady* applies in the extradition context, *see Demjanjuk v. Petrovsky*, 10 F.3d 338, 353 (6th Cir. 1993), and it has since contracted that holding, *see In re Drayer*, 190 F.3d 410, 414 (6th Cir. 1999) (holding that *Demjanjuk*'s "seemingly broad language must be read in the context of a case that involved an unusual set of circumstances.").

While the decisions cited above involved defendants in the United States challenging extradition to a foreign country, the reasoning behind those decisions applies with equal force to instances in which the United States submits to a foreign a country a request for the extradition of a fugitive in that country to the United States. For example, courts have held that *Brady* does not apply to extradition proceedings carried out in the United States "because no determination of guilt or innocence is being made." *Pena-Bencosme*, 2007 WL 3231978, at * 6; *accord In re Extradition of Koskotas*, 127 F.R.D. at 27. Rather, the trial of the defendant occurs after he is extradited, in the country that is seeking his extradition, and pre-trial discovery issues are for the courts of that country to decide. *See Montemayor*, 329 F.Supp.2d at 888. In this regard, the procedural posture facing a defendant sought to be extradited from a foreign country to the United States is the same as that of a defendant sought to be extradited from the United States to a foreign country. No matter where the extradition proceeding takes place, "[e]xtradition . . . is not a criminal prosecution," *DeSilva v. DiLeonardi*, 181 F.3d 865, 868 (7th Cir. 1999), and an extradition hearing does not trigger the protections of a criminal trial. Extradition is instead akin to a preliminary hearing or a grand jury

4

proceeding, *see Messina*, 728 F.2d at 80; *Escobedo v. United States*, 623 F.2d 1098, 1102 n. 5 (5th Cir. 1980), and, like those proceedings, the accused is not entitled to exculpatory evidence.[2]

    **C.**    **Even if a *Brady* Violation Had Occurred, the Court Should Not Dismiss the Indictment.**

Defendant cites no case holding that an indictment should be dismissed because of a *Brady* violation during extradition proceedings. *Brady* requires that defendant have access to exculpatory information in time to use it at trial. *Moore*, 345 F.3d at 493; *Grintjes*, 237 F.3d at 880. Therefore, if a *Brady* violation had occurred, the remedy would be to order the government to disclose exculpatory information in order to give defendant time to make use of the information at the trial in February. As the government has previously represented to the Court and defendant, the government is not aware of any *Brady* information in this case, and the government will disclose any such information of which it becomes aware. In addition, on September 6, 2011, the government provided defendant with information indicating that no immunity or public authority was conferred upon him. In short, the government has and will continue to meet its constitutional obligations, and there is no cause to dismiss the indictment.

**II.**    **The Second Superseding Indictment Does Not Violate the Rule of Specialty.**

The rule of specialty, as codified in Article 17 of the Extradition Treaty, provides that "[a] person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting Party for an offense other than that for which extradition has been granted . . ."; *see*

---

[2] The Extradition Treaty also does not require the United States to disclose exculpatory information and recognizes that extradition proceedings are distinct from trials. Article 3 of the Extradition Treaty provides that "[e]xtradition shall be granted only if the evidence be found sufficient, according to the laws of the requested Party, . . . to justify the committal for trial of the person sought if the offense of which he has been accused had been committed in that place. . ."

5

*also United States v. Warda*, 285 F.3d 573, 575-76 (7th Cir. 2002). As an initial matter, the Seventh Circuit has held that individuals such as defendant do not have standing to challenge an alleged violation of the rule of specialty in the absence of a protest by the sovereign nation that extradited the defendant, in this case Mexico. *See United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *Matta-Ballesteros v. Henman*, 896 F.2d 255, 259 (7th Cir. 1990).[3] Here, the government is not aware of any protest by the Government of Mexico to defendant's prosecution on the second superseding indictment. Even if defendant did have standing, however, there is no violation. Because the second superseding indictment charges defendant with the same offenses for which he was extradited, the rule of specialty has not been violated.

The initial indictment charged defendant with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (Count One), and conspiracy to import into the United States from Mexico five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 963 (Count Two). R. 1. The second superseding indictment charges defendant with the exact same offenses, carrying the same statutory minimum and maximum penalties. R. 75. The differences between the charging documents are as follows: (1) the second superseding indictment adds additional defendants to the counts in which defendant is charged; (2) it adds additional counts in which defendant is not charged; (3) the time frame for the conspiracies with which defendant is

---

[3]Other circuits have held that individual defendants do have standing to raise violations, including violations of the rule of specialty, of the extradition treaty under which they were extradited. *See, e.g.*, *United States v. Thomas*, 322 Fed. Appx. 177 (3d Cir. 2009); *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1306 (11th Cir. 2000);*United States v. Levy*, 905 F.2d 326, 329 n.1 (10th Cir. 1990); *United States v. Cuevas*, 847 F.2d 1417, 1426 (9th Cir.1988); *United States v. Thirion*, 813 F.2d 146 (8th Cir. 1987).

charged is extended by one day, from "on or about November 30, 2008," to "on or about December 1, 2008,"; and (4) the second superseding indictment is a "speaking" indictment containing more detailed factual allegations than the initial indictment, all of which were contained in the extradition request from the United States to Mexico. None of these differences implicates the rule of specialty.

The rule of specialty requires that defendant be charged with the same "offense" for which he was extradited; it does not require that he be charged in the same charging document. *See United States v. Abello-Silva*, 948 F.2d 1168, 1174 (10th Cir. 1991); *United States v. Masefield*, No. 02CR441LAP, 2005 WL 236443, * 2 (S.D.N.Y. Feb. 1, 2005). Because the offenses with which defendant is charged in the second superseding indictment are the same and involve the same facts and the same penalties as those contained in the initial indictment, the rule of specialty has not been violated. *See, e.g., United States v. Puentes*, 50 F.3d 1567, 1576 (11th Cir.1995) (no violation of specialty where superseding indictment extended conspiracy period by three years); *United States v. Andonian*, 29 F.3d 1432, 1435-37 (9th Cir.1994) (no violation of specialty where superseding indictment added overt acts to conspiracy charge on which defendant was extradited, as well as substantive counts); *United States v. Levy*, 25 F.3d 146, 158 (2d Cir.1994) (no violation of specialty where defendant was tried on continuing criminal enterprise charge unmentioned in extradition warrant); *Abello-Silva*, 948 F.2d at 1174-76 (no violation of specialty where superseding indictment charged defendant "with the identical two offenses" but added "more facts detailing [defendant's] illegal activities"); *United States v. Nosov*, 153 F. Supp. 2d 477, 480 (S.D.N.Y. 2001) (no violation of specialty where superseding indictment charged new defendants in new counts). As noted above, the Extradition Treaty itself recognizes this principle by only restricting the prosecution, with some limited exceptions, to the same "offense" for which extradition was sought. Extradition Treaty, Art.

17.(1). Nowhere in the Extradition Treaty is there a restriction on the prosecuting country's use of a different charging document.

In addition, even if there had been some change to the offenses with which defendant was charged, there would be no violation of the Extradition Treaty. In Article 17(2), the Extradition Treaty provides that:

> If, in the course of the procedure, the classification of the offense is changed for which the person requested was extradited, he shall be tried and sentenced on the condition that the offense, in its new legal form:
>
> (a) Is based on the same group of facts established in the request for extradition and in the documents presented in its support; and
>
> (b) Is punishable with the same maximum sentence as the crime for which he was extradited or with a lesser sentence.

Here, the second superseding indictment as it pertains to defendant is based on the same group of facts established in the request for extradition and supporting documents, and the maximum sentence is the same.

In the face of this case law, which defendant ignores, and the text of the Extradition Treaty, defendant cites no authority from any source to support his view that the second superseding indictment violates the rule of specialty. The Court should reject his argument.

## CONCLUSION

For the foregoing reasons, the Court should deny defendant's motion to dismiss the indictment based on the extradition proceedings.

Dated: September 9, 2011

                                                              Respectfully submitted,

                                                              PATRICK J. FITZGERALD
                                                              United States Attorney

By:          /s/ Thomas D. Shakeshaft
                THOMAS D. SHAKESHAFT
                ANDREW C. PORTER
                MICHAEL J. FERRARA
                MARC KRICKBAUM
                Assistant United States Attorneys
                219 S. Dearborn Street
                Chicago, IL 60604

# CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS BASED ON THE EXTRADITION PROCEEDINGS**

was served September 9, 2011, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case filing pursuant to the District Court's Electronic Case Filing (ECF) system as to ECF filers.

                                              Respectfully submitted,

                                              PATRICK J. FITZGERALD
                                              United States Attorney

By:          /s/ Thomas D. Shakeshaft
                THOMAS D. SHAKESHAFT
                ANDREW C. PORTER
                MICHAEL J. FERRARA
                MARC KRICKBAUM
                Assistant United States Attorneys
                219 S. Dearborn Street
                Chicago, IL 60604