# EXHIBIT B

# No. 19462

## UNITED STATES OF AMERICA
## and
## MEXICO

## Extradition Treaty (with appendix). Signed at Mexico City on 4 May 1978

*Authentic texts: English and Spanish.*
*Registered by the United States of America on 9 December 1980.*

## ÉTATS-UNIS D'AMÉRIQUE
## et
## MEXIQUE

## Traité d'extradition (avec annexe). Signé à Mexico le 4 mai 1978

*Textes authentiques : anglais et espagnol.*
*Enregistré par les États-Unis d'Amérique le 9 décembre 1980.*

# EXTRADITION TREATY[1] BETWEEN THE UNITED STATES OF AMERICA AND THE UNITED MEXICAN STATES

The Government of the United States of America and the Government of the United Mexican States,

Desiring to cooperate more closely in the fight against crime and, to this end, to mutually render better assistance in matters of extradition,

Have agreed as follows:

### Article 1. OBLIGATION TO EXTRADITE

1. The Contracting Parties agree to mutually extradite, subject to the provisions of this Treaty, persons who the competent authorities of the requesting Party have charged with an offense or have found guilty of committing an offense, or are wanted by said authorities to complete a judicially pronounced penalty of deprivation of liberty for an offense committed within the territory of the requesting Party.

2. For an offense committed outside the territory of the requesting Party, the requested Party shall grant extradition if:

(a) Its laws would provide for the punishment of such an offense committed in similar circumstances, or
(b) The person sought is a national of the requesting Party, and that Party has jurisdiction under its own laws to try that person.

### Article 2. EXTRADITABLE OFFENSES

1. Extradition shall take place, subject to this Treaty, for wilful acts which fall within any of the clauses of the Appendix and are punishable in accordance with the laws of both Contracting Parties by deprivation of liberty, the maximum of which shall not be less than one year.

2. If extradition is requested for the execution of a sentence, there shall be the additional requirement that the part of the sentence remaining to be served shall not be less than six months.

3. Extradition shall also be granted for wilful acts which, although not being included in the Appendix, are punishable, in accordance with the federal laws of both Contracting Parties, by a deprivation of liberty, the maximum of which shall not be less than one year.

4. Subject to the conditions established in paragraphs 1, 2 and 3, extradition shall also be granted:

(a) For the attempt to commit an offense; conspiracy to commit an offense; or the participation in the execution of an offense; or
(b) When, for the purpose of granting jurisdiction to the United States government, transportation of persons or property, the use of the mail or other means of carrying out interstate or foreign commerce is also an element of the offense.

---

[1] Came into force on 25 January 1980 by the exchange of the instruments of ratification, which took place at Washington, in accordance with article 23 (2).

ase: 1:09-cr-00383 Document #: 105-2 Filed: 09/09/11 Page 4 of 10 PageID #:4!

| 1980 | United Nations — Treaty Series • Nations Unies — Recueil des Traités | 191 |

*Article 3.* EVIDENCE REQUIRED

Extradition shall be granted only if the evidence be found sufficient, according to the laws of the requested Party, either to justify the committal for trial of the person sought if the offense of which he has been accused had been committed in that place, or to prove that he is the person convicted by the courts of the requesting Party.

*Article 4.* TERRITORIAL APPLICATION

1. For the purposes of this Treaty, the territory of a Contracting Party shall include all the territory under the jurisdiction of that Contracting Party, including airspace and territorial waters and vessels and aircraft registered in that Contracting Party if any such aircraft is in flight when the offense is committed.

2. For the purposes of this Treaty, an aircraft shall be considered to be in flight at any time from the moment when all its external doors are closed following the embarkation until the moment when any such door is opened for disembarkation.

*Article 5.* POLITICAL AND MILITARY OFFENSES

1. Extradition shall not be granted when the offense for which it is requested is political or of a political character.

If any question arises as to the application of the foregoing paragraph, the Executive authority of the requested Party shall decide.

2. For the purpose of this Treaty, the following offenses shall not be considered to be offenses included in paragraph 1:

(a) The murder or other wilful crime against the life or physical integrity of a Head of State or Head of Government or of his family, including attempts to commit such an offense.

(b) An offense which the Contracting Parties may have the obligation to prosecute by reason of a multilateral international agreement.

3. Extradition shall not be granted when the offense for which extradition is requested is a purely military offense.

*Article 6.* "NON BIS IN IDEM"

Extradition shall not be granted when the person sought has been prosecuted or has been tried and convicted or acquitted by the requested Party for the offense for which extradition is requested.

*Article 7.* LAPSE OF TIME

Extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the laws of the requesting or requested Party.

*Article 8.* CAPITAL PUNISHMENT

When the offense for which extradition is requested is punishable by death under the laws of the requesting Party and the laws of the requested Party do not permit such punishment for that offense, extradition may be refused, unless the requesting Party furnishes such assurances as the requested Party considers sufficient that the death penalty shall not be imposed, or, if imposed, shall not be executed.

Case: 1:09-cr-00383 Document #: 105-2 Filed: 09/09/11 Page 5 of 10 PageID #:4...

192     United Nations — Treaty Series • Nations Unies — Recueil des Traités     1980

*Article 9.*  EXTRADITION OF NATIONALS

1. Neither Contracting Party shall be bound to deliver up its own nationals, but the executive authority of the requested Party shall, if not prevented by the laws of that Party, have the power to deliver them up if, in its discretion, it be deemed proper to do so.

2. If extradition is not granted pursuant to paragraph 1 of this article, the requested Party shall submit the case to its competent authorities for the purpose of prosecution, provided that Party has jurisdiction over the offense.

*Article 10.*  EXTRADITION PROCEDURES AND REQUIRED DOCUMENTS

1. The request for extradition shall be made through the diplomatic channel.

2. The request for extradition shall contain the description of the offense for which extradition is requested and shall be accompanied by:

(a) A statement of the facts of the case;
(b) The text of the legal provisions describing the essential elements of the offense;
(c) The text of the legal provisions describing the punishment for the offense;
(d) The text of the legal provisions relating to the time-limit on the prosecution or the execution of the punishment of the offense;
(e) The facts and personal information of the person sought which will permit his identification and, where possible, information concerning his location.

3. In addition, when the request for extradition relates to a person who has not yet been convicted, it shall be accompanied by:

(a) A certified copy of the warrant of arrest issued by a judge or other judicial officer of the requesting Party;
(b) Evidence which, in accordance with the laws of the requested Party, would justify the apprehension and commitment for trial of the person sought if the offense had been committed there.

4. When the request for extradition relates to a convicted person, it shall be accompanied by a certified copy of the judgment of conviction imposed by a court of the requesting Party.

If the person was found guilty but not sentenced, the extradition request shall be accompanied by a certification to that effect and a certified copy of the warrant of arrest.

If such person has already been sentenced, the request for extradition shall be accompanied by a certification of the sentence imposed and a statement indicating which part of the sentence has not been carried out.

5. All the documents that must be presented by the requesting Party in accordance with the provisions of this Treaty shall be accompanied by a translation in the language of the requested Party.

6. The documents which, according to this article, shall accompany the request for extradition, shall be received in evidence when:

(a) In the case of a request emanating from the United States, they are authenticated by the official seal of the Department of State and legalized by the manner prescribed by the Mexican law;
(b) In the case of a request emanating from the United Mexican States, they are certified by the principle diplomatic or consular officer of the United States in Mexico.

### Article 11. PROVISIONAL ARREST

1. In the case of urgency, either Contracting Party may request, through the diplomatic channel, the provisional arrest of an accused or convicted person. The application shall contain a description of the offense for which the extradition is requested, a description of the person sought and his whereabouts, an undertaking to formalize the request for extradition, and a declaration of the existence of a warrant of arrest issued by a competent judicial authority or a judgment of conviction issued against the person sought.

2. On receipt of such a request, the requested Party shall take the necessary steps to secure the arrest of the person claimed.

3. Provisional arrest shall be terminated if, within a period of 60 days after the apprehension of the person claimed, the executive authority of the requested Party has not received the formal request for extradition and the documents mentioned in article 10.

4. The fact that the provisional arrest is terminated pursuant to paragraph 3 shall not prejudice the extradition of the person sought if the request for extradition and the necessary documents mentioned in article 10 are delivered at a later date.

### Article 12. ADDITIONAL EVIDENCE

If the executive authority of the requested Party considers that the evidence furnished in support of the request for extradition is not sufficient in order to fulfill the requirements of this Treaty, that Party shall request the presentation of the necessary additional evidence.

### Article 13. PROCEDURE

1. The request for extradition shall be processed in accordance with the legislation of the requested Party.

2. The requested Party shall make all arrangements necessary for internal procedures arising out of the request for extradition.

3. The competent legal authorities of the requested Party shall be authorized to employ all legal means within their power to obtain from the judicial authorities the decisions necessary for the resolution of the request for extradition.

### Article 14. DECISION AND SURRENDER

1. The requested Party shall promptly communicate to the requesting Party its decision on the request for extradition.

2. In the case of complete or partial rejection of a request for extradition, the requested Party shall give the reasons on which it was based.

3. If the extradition is granted, the surrender of the person sought shall take place within such time as may be prescribed by the laws of the requested Party. The competent authorities of the Contracting Parties shall agree on the date and place of the surrender of the person sought.

4. If the competent authority has issued the warrant or order for the extradition of the person sought and he is not removed from the territory of the requested Party within the prescribed period, he shall be set at liberty and the requested Party may subsequently refuse to extradite him for the same offense.

### Article 15.   DELAYED SURRENDER

The requested Party, after granting the extradition, may defer the surrender of the person sought when that person is being proceeded against or is serving a sentence in the territory of the requested Party for a different offense, until the conclusion of the proceeding or the full execution of the punishment that has been imposed.

### Article 16.   REQUESTS FOR EXTRADITION MADE BY THIRD STATES

The requested Party, in the case of receiving requests from the other Contracting Party and from one or more third States for the extradition of the same person, be it for the same offense or for different offenses, shall decide to which requesting State it shall grant the extradition of that person.

### Article 17.   RULE OF SPECIALITY

1. A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting Party for an offense other than that for which extradition has been granted nor be extradited by that Party to a third State unless:
(a) He has left the territory of the requesting Party after his extradition and has voluntarily returned to it;
(b) He has not left the territory of the requesting Party within 60 days after being free to do so; or
(c) The requested Party has given its consent to his detention, trial, punishment or extradition to a third State for an offense other than that for which the extradition was granted.

These stipulations shall not apply to offenses committed after the extradition.

2. If, in the course of the procedure, the classification of the offense is changed for which the person requested was extradited, he shall be tried and sentenced on the condition that the offense, in its new legal form:
(a) Is based on the same group of facts established in the request for extradition and in the documents presented in its support; and
(b) Is punishable with the same maximum sentence as the crime for which he was extradited or with a lesser sentence.

### Article 18.   SUMMARY EXTRADITION

If the person sought informs the competent authorities of the requested Party that he agrees to be extradited, that Party may grant his extradition without further proceedings, and shall take all measures permitted under its laws to expedite the extradition. In such cases article 17 shall not be applicable.

### Article 19.   SURRENDER OF PROPERTY

1. To the extent permitted under the law of the requested Party and subject to the rights of third parties, which shall be duly respected, all articles, instruments, objects of value or documents relating to the offense, whether or not used for its execution, or which in any other manner may be material evidence for the prosecution, shall be surrendered upon the granting of the extradition even when extradition cannot be effected due to the death, disappearance, or escape of the accused.

2. The requested Party may condition the surrender of articles upon a satisfactory assurance from the requesting Party that the articles will be returned to the requested Party as soon as possible.

### Article 20.  TRANSIT

1. The right to transport through the territory of one of the Contracting Parties a person who is not a national of that Contracting Party surrendered to the other Contracting Party by a third State shall be granted on presentation made through the diplomatic channel of a certified copy of the decision on extradition, provided that reasons of public order are not opposed to the transit.

2. The authorities of the transit State shall be in charge of the custody of the extradited person while that person is in its territory.

3. The Party to which the person has been extradited shall reimburse the State through whose territory such person is transported for any expenses incurred by the latter in connection with such transportation.

### Article 21.  EXPENSES

The requested Party shall bear the expenses of the arrangements referred to in article 13, with the exception that the expenses incurred for the translation of documents and, if applicable, for the transportation of the person ordered extradited shall be paid by the requesting Party.

### Article 22.  SCOPE OF APPLICATION

1. This Treaty shall apply to offenses specified in article 2 committed before and after this Treaty enters into force.

2. Requests for extradition that are under process on the date of the entry into force of this Treaty shall be resolved in accordance with the provisions of the Treaty of 22 February 1899, and the Additional Conventions on Extradition of 25 June 1902, 23 December 1925,[1] and 16 August 1939.[2]

### Article 23.  RATIFICATION, ENTRY INTO FORCE, DENUNCIATION

1. This Treaty shall be subject to ratification; the exchange of instruments of ratification shall take place in Washington as soon as possible.

2. This Treaty shall enter into force on the date of exchange of the instruments of ratification.

3. On entry into force of this Treaty, the Treaty of Extradition of 22 February 1899 and the Additional Conventions on Extradition of 25 June 1902, 23 December 1925 and 16 August 1939 between the United States of America and the United Mexican States shall cease to have effect without prejudice to the provisions of article 22.

4. Either Contracting Party may terminate this Treaty by giving notice to the other Party. The termination shall take effect six months after the receipt of such notice.

---

[1] League of Nations, *Treaty Series*, vol. LIV, p. 441.
[2] *Ibid.*, vol. CCIV, p. 159.

DONE in two originals, in the English and Spanish languages, both equally authentic, at Mexico City this fourth day of May, one thousand nine hundred seventy-eight.

| [*Signed — Signé*][1] | [*Signed — Signé*][2] |
|---|---|
| For the Government of the United States of America | For the Government of the United Mexican States |

APPENDIX

1. Murder or manslaughter; abortion.
2. Malicious wounding or injury.
3. Abandonment of minors or other dependents when there is danger of injury or death.
4. Kidnapping; child stealing; abduction; false imprisonment.
5. Rape; statutory rape; indecent assault; corruption of minors, including unlawful sexual acts with or upon children under the age of consent.
6. Procuration; promoting or facilitating prostitution.
7. Robbery; burglary; larceny.
8. Fraud.
9. Embezzlement.
10. An offense against the laws relating to counterfeiting and forgery.
11. Extortion.
12. Receiving or transporting any money, valuable securities, or other property knowing the same to have been unlawfully obtained.
13. Arson; malicious injury to property.
14. Offenses against the laws relating to the traffic in, possession, production, manufacture, importation or exportation of dangerous drugs and chemicals, including narcotic drugs, cannabis, psychotropic drugs, opium, cocaine, or their derivatives.
15. Offenses against the laws relating to the cntrol of poisonous chemicals or substances injurious to health.
16. Piracy.
17. Offenses against the safety of means of transportation including any act that would endanger a person in a means of transportation.
18. An offense relating to unlawful seizure or exercise of control of trains, aircraft, vessels, or other means of transportation.
19. Offenses against the laws relating to prohibited weapons, and the control of firearms, ammunition, explosives, incendiary devices or nuclear materials.
20. An offense against the laws relating to international trade and transfers of funds or valuable metals.
21. An offense against the laws relating to the importation, exportation, or international transit of goods, articles, or merchandise, including historical or archeological items.
22. Violations of the customs laws.
23. Offenses against the laws relating to the control of companies, banking institutions, or other corporations.

---

[1] Signed by Cyrus Vance — Signé par Cyrus Vance.
[2] Signed by S. Roel — Signé par S. Roel.

24. Offenses against the laws relating to the sale of securities, including stocks, bonds and instruments of credit.
25. Offenses against the laws relating to bankruptcy or rehabilitation of a corporation.
26. Offenses against the laws relating to prohibition of monopoly or unfair transactions.
27. Offenses against the laws relating to protection of industrial property or copyright.
28. Offenses against the laws relating to abuse of official authority.
29. Bribery, including soliciting, offering and accepting bribes.
30. Perjury; false statements to any governmental authority. Subornation of perjury or false statements.
31. Offenses against the laws relating to obstruction of justice, including harboring criminals and suppressing evidence.