UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 09 CR 383-3 |
| | ) | |
| JESUS VICENTE ZAMBADA-NIEBLA, | ) | |
| | ) | Judge Ruben Castillo |
| a/k/a "Vicente Zambada-Niebla," | ) | |
| a/k/a "Vicente Zambada," | ) | |
| a/k/a "Mayito," | ) | |
| a/k/a "30" | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO BAR *EX PARTE*
SUBMISSIONS UNDER CIPA § 4 WITHOUT A PARTICULARIZED
SHOWING OF EXCEPTIONAL CIRCUMSTANCES**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, provides the following response to defendant's motion to bar *ex parte* submissions under CIPA § 4 without a particularized showing of exceptional circumstances.

**INTRODUCTION**

Defendant has filed a motion asking this Court to bar the government from making ex parte filings pursuant to the Classified Information Procedure Act ("CIPA") absent a showing of exceptional circumstances. R. 126 at 7. In addition, in the event that this Court does permit the government to make an *ex parte* CIPA filing, defendant requests the opportunity to make his own *ex parte* filing in support of a request for classified discovery. *Id.* at 8. With respect to defendant's first request, to the extent that a showing of exception circumstances is required in support of an *ex parte* CIPA filing, such circumstances will be demonstrated in the CIPA filing itself. The exceptional circumstances themselves, namely that the disclosure to the public or defendant of the

-1-

classified materials involved could reasonably be expected to threaten national security, require that a brief that details such exceptional circumstances itself be made in an *ex parte*, under seal, classified filing. Defendant's request should be denied as his purported interest in being made aware of the exceptional circumstances in an adversarial proceeding prior to the government making an *ex parte* CIPA filing are outweighed by the government's legitimate and compelling national security interests. Moreover, defendant's request to make his own *ex parte* filing to guide the Court's decision whether materials are discoverable should likewise be denied. The Court is well aware of the government's well-settled discovery obligations and based on this knowledge can make its own informed decisions regarding the discovery of classified materials.

## ARGUMENT

**I.  The Nature of the Exceptional Circumstances Which Require an Ex Parte Filing Cannot be Revealed to Defendant or the Public.**

Defendant has effectively asked this Court to require the government to disclose classified information in a public filing to justify the filing of an *ex parte* submission regarding the same classified materials. While the government recognizes and agrees that *ex parte* submissions are not the norm and are generally disfavored, the law is clear that there are instances which warrant such filings to be made. This is one such instance. As defendant recognizes in his motion, CIPA § 4 expressly allows for a court, in its discretion, to receive a written statement from the government to be inspected by the court alone. 18 U.S.C. App. III, § 4. The government has a legitimate and compelling interest in protecting the security of the nation, which outweighs the defendant's and/or the public's right of access to be made aware of the classified materials in this matter. As this Court noted in *United States v. Jin*, --- F.Supp.2d ----, 2011 WL 2349863 (N.D.Ill. 2011), the Advisory Committee notes to Rule 16 make clear that the protection of such information vital to the national

-2-

security can provide good cause for an *ex parte* filing. The basis of the extraordinary circumstances present which necessitate an *ex parte in camera* filing is so interrelated with the underlying classified information itself as to make impracticable the filing of meaningful redacted materials or to provide to defendant a coherent explanation of the national security implications which compel an *ex parte* filing. *See United States v. Majors*, 2010 WL 1241274 (D. Colo. 2010). Accordingly, the government can only incorporate the basis of the exceptional circumstances present in the *ex parte* filing itself.

As the court explained in *United States v. Sarkissian*, 841 F.2d 959 (9th Cir. 1998), "Congress passed CIPA to prevent the problem of 'graymail,' where defendants pressed for the release of classified information to force the government to drop the prosecution." *Id.* at 965, citing S. Rep. No. 823, 96th Cong., 2d Sess. 4, reprinted in 1980 U.S. Code Cong. & Admin. News 4294, 4297. The Court further explained that CIPA permits "the trial judge to rule on questions of admissibility involving classified information before introduction of the evidence in open court. This procedure . . . .permit[s] the government to ascertain the potential damage to national security of proceeding with a given prosecution before trial. . . .[by] creat[ing] a pretrial procedure for ruling upon the admissibility of classified information." *Id.*, citing *United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985); *United States v. Collins*, 720 F.2d 1195, 1196-97 (11th Cir. 1983). The court went on to hold that the defendants' argument that "CIPA forbids balancing national security concerns against defendant's need for documents. . . .is meritless. Congress intended section 4 to clarify the court's powers under Fed. R. Crim. P. 16(d)(1) to deny or restrict discovery in order to protect national security. On issues of discovery, the court can engage in balancing." *Id.* (internal citations omitted). *See also United States v. Hanna*, --- F.3d ----, 2011 WL 3524292 (6th Cir. 2011)

(Rejecting claim that the district court abused its discretion when it considered the government's filings *ex parte* and *in camera* as Fed. R. Crim. P. 16(d)(1) and CIPA § 4 permit ex parte filings in matters involving the protection of information vital to national security).

Like defendant here, the defendants in *Sarkissian* contended that the government must file a public claim of privilege before making an *ex parte in camera* submission. However, "the clear language of the statute and its legislative history foreclose that contention." *Id.* Again, CIPA § 4 allows the court to "permit the United States to make a request . . . .in the form of a written statement to be inspected by the court alone." 18 U.S.C. App. III, § 4. The legislative history emphasizes that "since the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." *Id.*, citing H.R. Rep. No. 831, 96th Cong., 2d Sess. 27 n.22. "Nowhere does CIPA require the government to file a public claim of privilege before making an *in camera ex parte* submission." *Id.* at 965-966.

As did the government in *Sarkissian,* the government here will make a formal claim of the national security interests that would be harmed by the disclosure of classified materials to defendant or the public in this matter. This information will be provided by an appropriate official of the department(s) which control the classified materials. Such a declaration from an authorized official with knowledge of the classified materials in this matter and the dangers posed by disclosure will be more than sufficient to establish the exceptional circumstances warranting an *ex parte in camera* submission. However, due to the very dangers to be detailed in this declaration, the government

cannot disclose these matters in an adversarial proceeding at this time.[1]

Moreover, as previously represented to defendant and the Court, the undersigned Assistant U.S. Attorneys have reviewed all of the classified materials in this matter. Based on this review, the undersigned submit that there are no classified materials that contain *Brady* material or otherwise support defendant's claim that he was promised immunity or public authority for his actions. While the Court will have the opportunity to determined whether it agrees with the government's position, the government submits that because no such material exists, defendant cannot be prejudiced by the government's *ex parte* submission of its CIPA § 4 filing. In addition, the Court can adequately protect defendant's interests and is free to revisit its assessment of the materials after the initial review.

## II. An *Ex Parte* Submission by Defendant in Support of a Request for Classified Information is Unnecessary

As a supplementary position, defendant requests that, in the event that the Court permits the government to make an *ex parte* CIPA filing, that defendant be afforded the opportunity to file his own *ex parte* submission to guide the Court's decision whether certain classified materials are discoverable. Such a filing by defendant is unnecessary. This Court is fully aware of the government's well-settled discovery obligations and can therefore rule upon the discovery issues posed by the government's CIPA § 4 filing without any input from the defense. Accordingly, defendant's motion should be denied.

At the very least, defendant's motion is premature. At this time the Court has yet to be provided with any classified materials in this case. After the Court has had the opportunity to review

---

[1]Such a procedure is consistent with the recent practices of Courts in this district. *See, United States v. Jin*, *supra*; *United States v. Kashmiri*, 09 CR 830 (N.D.Ill).

the government's CIPA § 4 and any other classified materials the Court deems necessary, if the Court believes that there is any ambiguity as to whether classified information is material to the preparation of a valid defense, the Court can revisit the issue of a defense *ex parte* submission with the parties. Unless and until the Court determines that such a submission is warranted, defendant's motion should be denied without prejudice.

## CONCLUSION

WHEREFORE, for the reasons stated herein the Court should deny defendant's motion to bar ex parte submissions under CIPA § 4 without a particularized showing of exceptional circumstances.

Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney

By: *s/Thomas D. Shakeshaft*
THOMAS D. SHAKESHAFT
ANDREW C. PORTER
MICHAEL FERRARA
MARC KRICKBAUM
Assistant U.S. Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO BAR *EX PARTE* SUBMISSIONS UNDER CIPA § 4 WITHOUT A PARTICULARIZED SHOWING OF EXCEPTIONAL CIRCUMSTANCES**

was served November 7, 2011, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case filing pursuant to the District Court's Electronic Case Filing (ECF) system as to ECF filers.

          Respectfully submitted,

          PATRICK J. FITZGERALD
          United States Attorney

By:   *s/Michael Ferrara*
      MICHAEL FERRARA
      Assistant United States Attorney
      219 South Dearborn Street, 5th Floor
      Chicago, Illinois 60604
      (312) 886-7649